# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RACHEL R. DOLBY, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | No. C-05-63-LRR <br><br> **ORDER** |

---

The court raises, *sua sponte*, the issue of recusal in this matter. The court finds it inappropriate to preside over future proceedings in this matter. It finds that there is an appearance of impropriety because the undersigned's husband owns shares in Wal-Mart de Mexico S.A. de C.V. According to Wal-Mart's Local Rule 3.2 Statement of Interest, Wal-Mart owns 10% or more of the issued stock of Wal-Mart de Mexico, S.A. de C.V.

Title 28, United States Code, Section 455(a) states:

> Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.

28 U.S.C. § 455(a). "By enacting section 455(a), Congress sought to eradicate not only actual, but also the appearance of impropriety in the federal judiciary." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). It is irrelevant, then, whether the judge is actually biased; Section 455(a) "sets an objective standard that does not require scienter." *Id*. The statute was intended "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988).

"[T]he recusal inquiry must be 'made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *Cheney v. U.S. Dist.*

*Court for D.C.*, 124 S. Ct. 1391, 1400 (2004) (emphasis omitted) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)).  The Eighth Circuit Court of Appeals has therefore "recast the issue as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Moran,* 296 F.3d at 648 (quoting *In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)); *accord Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (stating the test as whether "a reasonable person knowing and understanding all the relevant facts would conclude that I should recuse myself" (internal quotation marks and alterations omitted)).  The recusal decision under 28 U.S.C. § 455(a) is committed to the sound discretion of the district court.  *Moran,* 85 F.3d at 1358.

When all the relevant facts are known, the court finds that a fully informed and reasonable observer would question the impartiality of the undersigned in presiding over Plaintiffs' case.  Accordingly, the undersigned shall recuse herself because this is a "proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

For the foregoing reasons, it is **ORDERED**:
(1) The undersigned hereby **RECUSES** herself from this matter; and
(2) The Clerk of Court is directed to assign another judge to preside over all proceedings in this matter.

**IT IS SO ORDERED.**

**DATED** this 14th day of March, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA